# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| PAUL L. MCMILLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 3:22-cv-00294** |
| | ) | **Judge Aleta A. Trauger** |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Before the court is *pro se* plaintiff Paul McMillin's untitled response (Doc. No. 54) to Magistrate Judge Jeff Frensley's Report and Recommendation ("R&R") (Doc. No. 51), which the court construes as objections to the R&R. The R&R recommends that the Motion for Summary Judgment (Doc. No. 36) filed by defendant Lowe's Home Centers, LLC ("Lowe's") be granted and that this case be dismissed in its entirety. Lowe's filed a Response (Doc. No. 55) to the construed objections, arguing that the plaintiff's objections are too vague to constitute proper objections to any of the Magistrate Judge's findings of fact or conclusions of law.

For the reasons set forth herein, the court finds that the plaintiff's objections do not warrant review. The court will accept the R&R in its entirety, grant the Motion for Summary Judgment, and dismiss this case.

## I.      STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly

objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    BACKGROUND

McMillin filed this lawsuit against Lowe's in April 2022, asserting employment-related claims. (Doc. No. 1.) The operative pleading is now the Second Amended Complaint ("SAC")

(Doc. No. 25), in which McMillin asserts claims against Lowe's for sex discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); sex-based pay discrimination in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1); and common law negligence.

Lowe's moved for summary judgment on all claims against it. (Doc. No. 36.) The motion is supported by a Memorandum of Law (Doc. No. 37), Statement of Undisputed Material Facts ("SUMF") (Doc. No. 38), and various exhibits, including excerpts from the plaintiff's deposition transcript and the declaration of several Lowe's supervisors. (*See* Doc. No. 39 and attachments.) McMillin filed a Response in opposition to the motion (Doc. No. 43), a "Memorandum of Points and Authorities" (Doc. No. 44), and a Response to the defendant's SUMF (Doc. No. 45), in which he concedes that all but six of the defendant's ninety-four separate statements of fact are "undisputed for the purpose of ruling on the motion for summary judgment." Lowe's filed a Reply (Doc. No. 46), asserting that the plaintiff's filings fail to establish the existence of a material factual dispute and that any new factual allegations included in his Response to the Motion for Summary Judgment are not supported by the record. It also filed a Reply to the plaintiff's Response to the SUMF (Doc. No. 47), noting that, for each of the six factual statements the plaintiff purports to dispute, he has not provided a record citation to support his allegations, nor has he shown that any of the purported disputes materially advances his claims. The plaintiff filed an unauthorized sur-reply, styled as a Reply, asserting only that the defendant's motion should be denied, because his claims deserve a "full airing," "the facts supporting those claims thru a presentation at trial is the only resolution," and his demand for a jury trial should be honored. (Doc. No. 48, at 1.)

The Magistrate Judge issued the R&R, summarizing the undisputed facts set forth in the defendant's SUMF, finding that the plaintiff has not identified a material factual dispute, and concluding that each of the plaintiff's claims fails as a matter of law. (Doc. No. 51.)

The plaintiff's construed objections include four pages of "comments" on the R&R's findings, largely agreeing with them. (Doc. No. 51, at 1–4.) The plaintiff does not contend—and has not shown—that any of the factual findings in the R&R is incorrect or unsupported by the record. The objections incorporate a "Discussion" that takes issue with the defendant's practices and repeats the plaintiff's contention that each of his claims should be heard by a jury. McMillin does not cite any caselaw or suggest that the Magistrate Judge's legal conclusions are incorrect. Instead, he states that the defendant's "excerpts of case law in support of its Motion for Summary Judgment . . . speak for themselves and are just another process to cover up the daily activities of Lowe's." (*Id.* at 5.)

The plaintiff also attached to his objections an Affidavit. (*Id.* at 8–14.) The Affidavit for the most part simply reiterates allegations made in the SAC and does not appear to include any new facts that would create a material factual dispute or preclude summary judgment for the defendant.

## III. DISCUSSION

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The *pro se* plaintiff's objections in this case are not sufficiently "specific" to qualify as properly lodged objections entitled to *de novo* review under Federal Rule of Civil Procedure 72(b). The plaintiff objects generally to the fact that the defendant seeks summary judgment and continues to maintain that the defendant's practices are

inappropriate, but he has not contested the Magistrate Judge's factual findings or legal conclusions. The plaintiff's failure to lodge clear, specific objections to the R&R are not absolved by his *pro se* status.

As for the filing of a new Affidavit, the court declines to consider new evidence presented at this late stage in the proceedings. Moreover, even if the Affidavit had been presented in response to the Motion for Summary Judgment, it does not include any facts that conflict materially with the Magistrate Judge's findings or that would preclude summary judgment.

Regardless, the court has reviewed the record in this case and agrees with the Magistrate Judge's findings and conclusions in their entirety. Finding no error in the R&R, and given the absence of specific objections, the court will accept the R&R in its entirety and overrule the plaintiff's construed objections.

## IV. CONCLUSION

For the reasons set forth above, the plaintiff's construed objections (Doc. No. 54) to the Magistrate Judge's R&R (Doc. No. 51) will be overruled. The court will accept the R&R in its entirety and grant the defendant's Motion for Summary Judgment (Doc. No. 36). All other pending motions will be denied as moot.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge